UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

       - v. -                 :

BOBBY SAUNDERS,                     :
   a/k/a/ "Bobby Moore,"
CARMEN MOORE,                       :
   a/k/a "Munchie,"
BOBBY MOORE, JR.,                   :
   a/k/a "Pops,"
   a/k/a "Poppy,"               :
TYRONE MOORE,                            <u>INDICTMENT</u>
   a/k/a "Puss,"               :
HISAN LEE,                               S4 07 Cr. 3 (BSJ)
   a/k/a "Devontea Clark,"      :
   a/k/a "Ice,"
HIBAH LEE,                          :
ANDRE DAVIDSON,
   a/k/a "O Dog,"               :
SELBOURNE WAITE,
   a/k/a "Silky,"               :
   a/k/a "Bling,"
DELROY LEE,                         :
   a/k/a "Specs,"
   a/k/a "DJ,"                  :
ROBERT MORRISON,
   a/k/a "Chips,"               :
LEVAR GAYLE,
   a/k/a "Train,"               :
DAKWAN EDWARDS,
   a/k/a "Doc,"                 :
MARQUISH JONES,
   a/k/a "Lunchbox,"            :
MARK HART,
   a/k/a "Movements,"           :
RAHEEM TUCKER,
   a/k/a "Ras,"                 :
DEMETRI YOUNG,
   a/k/a "Walter Malone,"       :
CHRISTOPHER DIAZ,
   a/k/a "X Box,"               :
ANTHONY DIAZ,
   a/k/a "Little X,"            :
PAUL LOVE,



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 20 2008

```
AARON BIRCH,                      :
    a/k/a "A,"
    a/k/a "Ace,"                  :
KEVIN BECKFORD,
    a/k/a "Carl Beckford," and :
JERMELL FALZONE,
    a/k/a "Mel,"                  :

        Defendants.    :

- - - - - - - - - - - - - - - x
```

<u>COUNT ONE</u>

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.    At all times relevant to this Indictment, BOBBY
SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops,"
a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a
"Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a
"O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY
LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a
"Chips," the defendants, together with Carmen Moore, a/k/a
"Munchie," Levar Gayle, a/k/a "Train," Dakwan Edwards, a/k/a
"Doc," Marquish Jones, a/k/a "Lunchbox," Mark Hart, a/k/a
"Movements," Raheem Tucker, a/k/a "Ras," Demetri Young, a/k/a
"Walter Malone," Christopher Diaz, a/k/a "X Box," Anthony Diaz,
a/k/a "Little X," Paul Love, Aaron Birch, a/k/a "A," a/k/a "Ace,"
Kevin Beckford, a/k/a "Carl Beckford," Jermell Falzone, a/k/a
"Mel," and others known and unknown, were members and associates
of the DeKalb Avenue Crew, a criminal organization whose members

2

and associates engaged in, among other things, armed robbery, narcotics trafficking, and murder.  The DeKalb Avenue Crew operated principally in the New York City metropolitan area.

2.    The DeKalb Avenue Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  At all times relevant to this Indictment, the enterprise has engaged in, and its activities have affected, interstate and foreign commerce.  BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, participated in the operation and management of the enterprise, and participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

3

PURPOSES OF THE ENTERPRISE

3.    The purposes of the enterprise included the following:

a.    Enriching the members and associates of the enterprise through, among other things, the distribution of narcotics, including "crack" cocaine, cocaine, and marijuana; armed robbery of drug dealers; and armed robbery of other legitimate businesses.

b.    Preserving and protecting the power of the enterprise through murder, other acts of violence, and threats of violence.

c.    Promoting and enhancing the enterprise and the activities of its members and associates.

MEANS AND METHODS OF THE ENTERPRISE

4.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.    Members and associates of the enterprise conspired to commit, committed, and attempted to commit armed robbery and other acts of violence, including murder.

b.    Members and associates of the enterprise used physical violence and threats of physical violence against various people from whom they stole and attempted to steal property, including money and narcotics.

4

c.    Members and associates of the enterprise used physical violence against various people whom they murdered and attempted to murder.

d.    Members and associates of the enterprise sold narcotics, including "crack" cocaine, cocaine, and marijuana.

<u>THE RACKETEERING VIOLATION</u>

5.    From at least in or about 1997 up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, together with Carmen Moore, a/k/a "Munchie," Levar Gayle, a/k/a "Train," Dakwan Edwards, a/k/a "Doc," Marquish Jones, a/k/a "Lunchbox," Mark Hart, a/k/a "Movements," Raheem Tucker, a/k/a "Ras," Demetri Young, a/k/a "Walter Malone," Christopher Diaz, a/k/a "X Box," Anthony Diaz, a/k/a "Little X," Paul Love, Aaron Birch, a/k/a "A," a/k/a "Ace," Kevin Beckford, a/k/a "Carl Beckford," Jermell Falzone, a/k/a "Mel," and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the DeKalb Avenue Crew, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly

5

conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

### THE PATTERN OF RACKETEERING ACTIVITY

6.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

### Racketeering Act One: Conspiracy to Commit Robbery, Robbery, Kidnaping, and Felony Murder of Patrick Taylor

7.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

### Conspiracy to Commit Robbery

8.    In or about August 2000, in the Southern District of New York and elsewhere, HISAN LEE and DELROY LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Patrick Taylor, of narcotics and narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

a.    In or about August 2000, HISAN LEE and DELROY LEE robbed Patrick Taylor in the Bronx, New York, during which crime Taylor was murdered.

6

<u>Robbery</u>

9.   On or about August 23, 2000, in the Southern
District of New York, HISAN LEE and DELROY LEE, the defendants,
unlawfully, willfully, and knowingly robbed and aided and abetted
the robbery of a suspected narcotics dealer, Patrick Taylor, of
narcotics and narcotics proceeds in the Bronx, New York, in
violation of New York State Penal Law, Sections 160.15 and 20.00.

<u>Kidnaping</u>

10.   On or about August 23, 2000, in the Southern
District of New York, HISAN LEE and DELROY LEE, the defendants,
unlawfully, intentionally, and knowingly kidnaped and aided and
abetted the kidnaping of Patrick Taylor in the Bronx, New York,
in violation of New York State Penal Law, Sections 135.25 and
20.00.

<u>Felony Murder</u>

11.   On or about August 23, 2000, in the Southern
District of New York, HISAN LEE and DELROY LEE, the defendants,
together with others known and unknown, unlawfully, willfully,
and knowingly committed an act involving murder, that is,
committed robbery, and, in the course of and in furtherance of
that crime, caused the death of a person other than one of the
participants in the crime, and aided and abetted the same, to
wit, HISAN LEE and DELROY LEE robbed and aided and abetted the
robbery of Patrick Taylor in the Bronx, New York, and in the

course of and in furtherance of that robbery caused the death of Patrick Taylor, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

### Racketeering Act Two: Conspiracy to Commit Robbery, Robbery, and Felony Murder of Oneil Johnson

12.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

### Conspiracy to Commit Robbery

13.   In or about July 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Oneil Johnson, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Acts

a.   In or about July 2003, HISAN LEE and HIBAH LEE met at an apartment in the Bronx, New York, and waited for an individual, Oneil Johnson, whom they believed would be in possession of narcotics.

b.   On or about July 25, 2003, HISAN LEE and HIBAH LEE robbed Oneil Johnson in the Bronx, New York, during which crime Johnson was murdered.

Robbery

14.   On or about July 25, 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer, Oneil Johnson, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

Felony Murder

15.   On or about July 25, 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and HIBAH LEE robbed and aided and abetted the robbery of Oneil Johnson in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Oneil Johnson, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

Racketeering Act Three: Conspiracy to Commit Robbery, Robbery, and Felony Murder of Bunny Campbell

16.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Three:

## Conspiracy to Commit Robbery

17.    From in or about late March 2005 through on or about April 1, 2005, in the Southern District of New York, DELROY LEE, HISAN LEE, and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Bunny Campbell, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

## Overt Acts

a.    In or about late March 2005, DELROY LEE, HISAN LEE, and others known and unknown discussed the robbery of Bunny Campbell in the Bronx, New York.

b.    On or about April 1, 2005, SELBOURNE WAITE and others known and unknown met at an apartment in the Bronx, New York, and waited for an individual, Bunny Campbell, whom they believed would be in possession of narcotics.

c.    On or about April 1, 2005, DELROY LEE called SELBOURNE WAITE.

## Robbery

18.    On or about April 1, 2005, in the Southern District of New York, DELROY LEE and SELBOURNE WAITE, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer, Bunny

Campbell, of narcotics in the Bronx, New York, in violation of
New York State Penal Law, Sections 160.15 and 20.00.

<u>Felony Murder</u>

19.  On or about April 1, 2005, in the Southern
District of New York, DELROY LEE and SELBOURNE WAITE, the
defendants, together with others known and unknown, unlawfully,
willfully, and knowingly committed an act involving murder, that
is, committed robbery, and, in the course of and in furtherance
of that crime, caused the death of a person other than one of the
participants in the crime, and aided and abetted the same, to
wit, DELROY LEE and SELBOURNE WAITE robbed and aided and abetted
the robbery of Bunny Campbell in the Bronx, New York, and in the
course of and in furtherance of that robbery caused the death of
Bunny Campbell, in violation of New York State Penal Law,
Sections 160.15, 125.25(3), and 20.00.

<u>Racketeering Act Four: Conspiracy to Commit Robbery,
Robbery, and Felony Murder of Marsie Sierra</u>

20.  The defendant named below committed the following
acts, any one of which alone constitutes the commission of
Racketeering Act Four:

11

## Conspiracy to Commit Robbery

21.    In or about March 2006, in the Southern District of New York, ANDRE DAVIDSON, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Marsie Sierra, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

## Overt Act

a.    On or about March 21, 2006, ANDRE DAVIDSON, the defendant, attempted to rob Marsie Sierra in the Bronx, New York, during which crime Sierra was murdered.

## Attempted Robbery

22.    On or about March 21, 2006, ANDRE DAVIDSON, the defendant, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer, Marsie Sierra, in an apartment in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

## Felony Murder

23.    On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, attempted to commit robbery, and, in the course of and in furtherance of

that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, ANDRE DAVIDSON attempted to commit robbery and aided and abetted an attempted robbery of Marsie Sierra in the Bronx, New York, and in the course of and in furtherance of that attempted robbery caused the death of Marsie Sierra, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

<u>Racketeering Act Five: Conspiracy to Rob<br>and Attempted Robbery at 2041 Strang Avenue</u>

24.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Five:

<u>Conspiracy to Commit Robbery</u>

a.   From in or about March 2003, up to and including on or about May 21, 2003, in the Southern District of New York, BOBBY SAUNDERS, a/k/a "Bobby Moore," HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob several suspected narcotics dealers of narcotics and/or narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

<u>Overt Acts</u>

i.   In or about May 2003, BOBBY SAUNDERS, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the

13

defendants, and others known and unknown, planned the robbery of several individuals whom the defendants believed were narcotics dealers.

ii.   On or about May 21, 2003, in the vicinity of 2041 Strang Avenue, Bronx, New York, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, and others known and unknown, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, and, during the course of that attempted robbery, HIBAH LEE shot at one of the individuals.

### Attempted Robbery

b.   On or about May 21, 2003, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of several suspected narcotics dealers in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Racketeering Act Six: Attempted Robbery at 2032 Strang Avenue

25.   The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Six:

### Conspiracy to Commit Robbery

a.   On or about October 4, 2004, in the Southern District of New York, SELBOURNE WAITE, the defendant, together

14

with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about October 4, 2004, SELBOURNE WAITE stole a safe that WAITE believed contained narcotics and/or narcotics proceeds but which in fact was empty, in the Bronx, New York.

### Attempted Robbery

b.    On or about October 4, 2004, SELBOURNE WAITE, the defendant, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Racketeering Act Seven: Robbery at 4061 Murdoch Avenue

26.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Seven:

### Conspiracy to Commit Robbery

a.    On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected

15

narcotics dealer of narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about January 31, 2005, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON entered an apartment in the Bronx, New York, restrained a victim at gunpoint, and then robbed narcotics proceeds from the apartment.

### Robbery

b.    On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Eight: Robbery at 3955 Paulding Avenue

27.    The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eight:

### Conspiracy to Commit Robbery

a.    On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of

16

narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about March 24, 2005, SELBOURNE WAITE robbed an individual of a bag that contained narcotics proceeds and, during the course of that robbery, discharged a firearm at the victim, in the Bronx, New York.

### Robbery

b.    On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, the defendant, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Nine: Robbery of a Construction Site at 93-06 101st Avenue, Queens, New York.

28.    The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Nine:

### Conspiracy to Commit Robbery

a.    In or about March 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob workers at a construction site of the construction company payroll in

Queens, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    In or about March 2005, ROBERT MORRISON and SELBOURNE WAITE discussed the robbery of a construction site in Queens, New York.

ii.    On or about March 25, 2005, ROBERT MORRISON drove from the Bronx, New York, to Queens, New York, where he participated in robbing workers at a construction site of the construction company payroll in the vicinity of 93-06 101st Avenue, Queens, New York.

### Robbery

b.    On or about March 25, 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON, the defendant, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of workers at a construction site in Queens, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Ten: Robbery at 1930 Edenwald Avenue, Bronx, New York

29.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Ten:

### Conspiracy to Commit Robbery

a.    On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics and/or narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about May 4, 2005, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON entered an apartment in the Bronx, New York, restrained several victims at gunpoint, and then robbed narcotics proceeds from the apartment.

### Robbery

b.    On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Eleven: Attempted Robbery at 2930 Hone Avenue

30.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eleven:

19

### Conspiracy to Commit Robbery

a.   On or about June 9, 2005, in the Southern District of New York, SELBOURNE WAITE and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.   On or about June 9, 2005, SELBOURNE WAITE and ROBERT MORRISON robbed an individual of bags that they believed contained narcotics, but which in fact contained clothing, and, during the course of that attempted robbery, at least one co-conspirator not named herein fired at the victim, in the vicinity of 2930 Hone Avenue, Bronx, New York.

### Attempted Robbery

b.   On or about June 9, 2005, SELBOURNE WAITE and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Racketeering Act Twelve: Narcotics Conspiracy

31.   From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New

York, BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE,
ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON,
the defendants, together with others known and unknown,
unlawfully, intentionally, and knowingly combined, conspired,
confederated, and agreed together and with each other to violate
the narcotics laws of the United States, to wit, Title 21, United
States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), in
violation of Title 21, United States Code, Section 846.

32.   It was a part and an object of said conspiracy
that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE,
ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON,
the defendants, together with others known and unknown, would and
did distribute and possess with intent to distribute a controlled
substance, to wit, 50 grams and more of mixtures and substances
containing a detectable amount of cocaine base, in a form
commonly known as "crack," in violation of Title 21, United
States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

33.   It was further a part and an object of the
conspiracy that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE,
HIBAH LEE, ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and
ROBERT MORRISON, the defendants, together with others known and
unknown, would and did distribute and possess with intent to
distribute a controlled substance, to wit, five kilograms and
more of mixtures and substances containing a detectable amount of

21

cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

34. It was further a part and an object of the conspiracy that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE, ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 18, United States Code, Sections 1961 & 1962(c).)

## COUNT TWO

## THE RACKETEERING CONSPIRACY

The Grand Jury further charges:

35. Paragraphs One through Four and Six through Thirty-Four of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36. From at least in or about 1997 up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a

"Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, together with others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs One through Four of Count One of this Indictment, to wit, the DeKalb Avenue Crew, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, to wit, the racketeering acts set forth in Paragraphs Seven through Thirty-Four of Count One of this Indictment as Racketeering Acts One through Twelve.  It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

        (Title 18, United States Code, Section 1962(d).)

COUNT THREE

MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

37.   Paragraphs One through Four of this Indictment are realleged and incorporated by reference as though fully set forth herein.

38.   At all times relevant to this Indictment, the DeKalb Avenue Crew, as more fully described in Paragraphs One through Four, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the DeKalb Avenue Crew, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

39.   At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846, and Hobbs Act robbery in violation of Title 18, United States Code, Section 1951.

24

40.  On or about August 23, 2000, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DeKalb Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the DeKalb Avenue Crew, an enterprise engaged in racketeering activity, as described above, HISAN LEE and DELROY LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Patrick Taylor, in the vicinity of Bullard Avenue, Bronx, New York, in that, HISAN LEE and DELROY LEE committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and DELROY LEE robbed and aided and abetted the robbery of Patrick Taylor in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Patrick Taylor, in violation of New York Penal Law, Sections 20.00 and 125.25(3).

'Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT FOUR

MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

41.  Paragraphs One through Four and Thirty-Eight and
Thirty-Nine of this Indictment are realleged and incorporated by
reference as though fully set forth herein.

42.  On or about July 25, 2003, in the Southern
District of New York, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, a thing of
pecuniary value from the DeKalb Avenue Crew, and for the purpose
of gaining entrance to and maintaining and increasing position in
the DeKalb Avenue Crew, an enterprise engaged in racketeering
activity, as described above, HISAN LEE and HIBAH LEE, the
defendants, together with others known and unknown, unlawfully,
willfully, and knowingly murdered Oneil Johnson, in the vicinity
of 4136 Wilder Avenue, Bronx, New York, in that, HISAN LEE and
HIBAH LEE committed robbery, and, in the course of and in
furtherance of that crime, caused the death of a person other
than one of the participants in the crime, and aided and abetted
the same, to wit, HISAN LEE and HIBAH LEE robbed and aided and
abetted the robbery of Oneil Johnson in the Bronx, New York, and
in the course of and in furtherance of that robbery caused the
death of Oneil Johnson, in violation of New York Penal Law,

Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT FIVE</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

43.    Paragraphs One through Four and Thirty-Eight and Thirty-Nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

44.    On or about April 1, 2005, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DeKalb Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the DeKalb Avenue Crew, an enterprise engaged in racketeering activity, as described above, DELROY LEE and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Bunny Campbell, in the vicinity of 860 East 225th Street, Bronx, New York, in that, DELROY LEE and SELBOURNE WAITE committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, DELROY LEE and SELBOURNE WAITE robbed and aided and abetted the robbery of Bunny Campbell in the Bronx, New York, and in the course of and in furtherance of that robbery caused

27

the death of Bunny Campbell, in violation of New York Penal Law,
Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT SIX</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

45.    Paragraphs One through Four and Thirty-Eight and
Thirty-Nine of this Indictment are realleged and incorporated by
reference as though fully set forth herein.

46.    On or about March 21, 2006, in the Southern
District of New York, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, a thing of
pecuniary value from the DeKalb Avenue Crew, and for the purpose
of gaining entrance to and maintaining and increasing position in
the DeKalb Avenue Crew, an enterprise engaged in racketeering
activity, as described above, ANDRE DAVIDSON, the defendant,
together with others known and unknown, unlawfully, willfully,
and knowingly murdered Marsie Sierra, in the vicinity of 3569
DeKalb Avenue, Bronx, New York, in that, ANDRE DAVIDSON committed
robbery, and, in the course of and in furtherance of that crime,
caused the death of a person other than one of the participants
in the crime, and aided and abetted the same, to wit, ANDRE
DAVIDSON robbed and aided and abetted the robbery of Marsie
Sierra in the Bronx, New York, and in the course of and in

furtherance of that robbery caused the death of Marsie Sierra, in violation of New York Penal Law, Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SEVEN

### NARCOTICS CONSPIRACY

The Grand Jury further charges:

47.    From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a "Ras," DEMETRI YOUNG, a/k/a "Walter Malone," CHRISTOPHER DIAZ, a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON BIRCH, a/k/a "A," a/k/a "Ace," KEVIN BECKFORD, a/k/a "Carl Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

48.   It was a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

49.   It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

50.   It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

<u>OVERT ACTS</u>

51.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among

30

others, were committed in the Southern District of New York and elsewhere:

a.    On or about February 6, 2001, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 3578 DeKalb Avenue, in the Bronx, New York.

b.    On or about October 28, 2002, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

c.    On or about June 26, 2006, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

d.    On or about June 6, 2006, TYRONE MOORE, a/k/a "Puss," PAUL LOVE, and CHRISTOPHER DIAZ, a/k/a "X Box," the defendants, sold a quantity of crack in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

e.    On or about June 23, 2006, TYRONE MOORE, a/k/a "Puss," KEVIN BECKFORD, a/k/a "Carl Beckford," and AARON BIRCH, a/k/a "A," a/k/a "Ace," the defendants, possessed a quantity of crack in the vicinity of 3569 DeKalb Avenue, in the Bronx, New York.

31

f.   On or about August 29, 2000, in the state of Virginia, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendants, possessed quantities of both crack and cocaine, which represented the proceeds of a robbery that occurred in the Bronx, New York.

g.   In or about 2003, HIBAH LEE, the defendant, possessed a quantity of crack in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

h.   On or about April 18, 2000, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, sold a quantity of marijuana in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

i.   On or about June 5, 2000, DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendant, sold a controlled substance to an undercover officer, in the vicinity of 3504 DeKalb Avenue, in the Bronx, New York.

j.   On or about December 7, 2006, in the Bronx, New York, ROBERT MORRISON, a/k/a "Chips," the defendant, possessed a quantity of marijuana that represented the proceeds of a robbery.

k.   On or about April 6, 2003, DAKWAN EDWARDS, a/k/a "Doc," the defendant, possessed a sawed-off shotgun, a

quantity of cocaine, and a quantity of marijuana, in the vicinity of 3569 DeKalb Avenue, in the Bronx, New York.

l.    On or about October 12, 2001, MARQUISH JONES, a/k/a "Lunchbox," the defendant, sold a quantity of marijuana in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

m.    On or about March 12, 2004, MARQUISH JONES, a/k/a "Lunchbox," the defendant, possessed a quantity of crack in the vicinity of 3554 DeKalb Avenue, in the Bronx, New York.

n.    On or about May 25, 2006, RAHEEM TUCKER, a/k/a "Ras," the defendant, possessed a quantity of crack in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

o.    On or about December 9, 2006, DEMETRI YOUNG, a/k/a "Walter Malone," the defendant, sold a controlled substance in the vicinity of 3555 DeKalb Avenue, in the Bronx, New York.

p.    On or about February 5, 2005, CHRISTOPHER DIAZ, a/k/a "X Box," the defendant, sold a quantity of crack to an undercover officer in the vicinity of 212th Street and DeKalb Avenue, in the Bronx, New York.

q.    On or about June 14, 2006, ANTHONY DIAZ, a/k/a "Little X," the defendant, sold a controlled substance to an undercover officer in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

33

r.    On or about November 16, 2005, PAUL LOVE, the defendant, possessed quantities of both crack and marijuana in the vicinity of 3569 DeKalb Avenue, in the Bronx, New York.

s.    On or about June 28, 2006, PAUL LOVE, the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

t.    On or about September 2, 2006, AARON BIRCH, a/k/a "A," a/k/a "Ace," the defendant, sold a controlled substance to an undercover officer in the vicinity of 16 East 213th Street, in the Bronx, New York.

u.    On or about June 19, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

v.    On or about June 21, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

w.    On or about May 7, 2004, JERMELL FALZONE, a/k/a "Mel," the defendant, sold a quantity of crack in the vicinity of 3551 DeKalb Avenue, in the Bronx, New York.

x.    In or about early May 2003, in the Bronx, New York, MARK HART, a/k/a "Movements," provided information to

34

others regarding individuals he believed to be in possession of narcotics and narcotics proceeds in order to facilitate the robbery of those narcotics and narcotics proceeds.

(Title 21, United States Code, Section 846.)

## COUNT EIGHT

### MURDER IN CONNECTION WITH A DRUG CRIME

The Grand Jury further charges:

52.   On or about August 23, 2000, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Seven of this Indictment, HISAN LEE and DELROY LEE, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Patrick Taylor, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18,
United States Code, Section 2.)

### ROBBERY OFFENSES

### COUNT NINE

The Grand Jury further charges:

53.   From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a

"Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a
"O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY
LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips,"
LEVAR GAYLE, a/k/a "Train," and MARK HART, a/k/a "Movements," the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did combine, conspire, confederate, and agree
together and with each other to commit robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), and
would and did thereby obstruct, delay, and affect commerce and
the movement of articles and commodities in commerce, as that
term is defined in Title 18, United States Code, Section
1951(b)(3), to wit, SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH
LEE, DAVIDSON, WAITE, DELROY LEE, MORRISON, GAYLE, and HART, the
defendants, and others known and unknown, conspired to commit
robberies of individuals they believed to be in possession of
narcotics and narcotics proceeds, and other individuals engaged
in commercial activities that affected interstate commerce.

<u>Overt Acts</u>

54.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

a.   In or about early May 2003, in the Bronx, New
York, MARK HART, a/k/a "Movements," the defendant, provided

information to others regarding individuals he believed to be in possession of narcotics and narcotics proceeds in order to facilitate the robbery of those narcotics and narcotics proceeds.

b.   In or about May 2003, BOBBY SAUNDERS, a/k/a "Bobby Moore," the defendant, met with others to plan a robbery that was to take place in the vicinity of Wilder Avenue and Strang Avenue in the Bronx, New York.

c.   On or about May 21, 2003, in the vicinity of 2041 Strang Avenue, Bronx, New York, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," and ANDRE DAVIDSON, a/k/a "O Dog," the defendants, and others known and unknown, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, and, during the course of that attempted robbery, HIBAH LEE shot at one of the individuals.

d.   On or about July 25, 2003, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, a/k/a "Train," the defendants, robbed a victim of several pounds of marijuana in the vicinity of 4136 Wilder Avenue in the Bronx, New York, during which robbery the victim was shot and killed.

e.   On or about January 31, 2005, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants,

37

entered an apartment located at 4061 Murdoch Avenue, Bronx, New York, restrained a victim at gunpoint, and then robbed narcotics proceeds from the apartment.

(Title 18, United States Code, Section 1951.)

## COUNT TEN

### ATTEMPTED ROBBERY

The Grand Jury further charges:

55.    On or about May 21, 2003, in the Southern District of New York, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," ANDRE DAVIDSON, a/k/a "O Dog," and MARK HART, a/k/a "Movements," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did attempt and aid and abet an attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HISAN LEE, HIBAH LEE, MOORE, JR., and DAVIDSON, the defendants, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, in the vicinity of 2041 Strang Avenue, Bronx, New York, based on information provided by HART.

(Title 18, United States Code, Sections 1951 and 2.)

38

COUNT ELEVEN

ROBBERY

The Grand Jury further charges:

56.  On or about July 25, 2003, in the Southern
District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did commit robbery, as that term is defined in
Title 18, United States Code, Section 1951(b)(1), and did thereby
obstruct, delay, and affect commerce and the movement of articles
and commodities in commerce, as that term is defined in Title 18,
United States Code, Section 1951(b)(3), to wit, HISAN LEE, HIBAH
LEE, and GAYLE, the defendants, robbed a victim of several pounds
of marijuana in the vicinity of 4136 Wilder Avenue in the Bronx,
New York, during which robbery the victim was shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT TWELVE

ATTEMPTED ROBBERY

The Grand Jury further charges:

57.  On or about October 4, 2004, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," the defendant, and others known and unknown, unlawfully,
willfully, and knowingly did attempt to commit robbery, as that
term is defined in Title 18, United States Code, Section
1951(b)(1), and would thereby have obstructed, delayed, and

39

affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, the defendant, stole a safe that WAITE believed contained narcotics and/or narcotics proceeds, but which was in fact empty, and, during the course of that attempted robbery, WAITE fired at the victim, in the vicinity of 2032 Strang Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THIRTEEN

## ROBBERY

The Grand Jury further charges:

58. On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, DELROY LEE, and MORRISON, the defendants, entered an apartment located at 4061 Murdoch Avenue, Bronx, New York, restrained a victim at gunpoint, and then robbed

40

narcotics proceeds from the apartment.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT FOURTEEN

### ROBBERY

The Grand Jury further charges:

59.  On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, the defendant, robbed an individual of a bag that contained narcotics proceeds, and, during the course of that robbery, discharged a firearm at the victim, in the vicinity of 3955 Paulding Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT FIFTEEN

### ROBBERY

The Grand Jury further charges:

60.  On or about March 25, 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON, a/k/a "Chips," the defendant, and others known and unknown, unlawfully,

willfully, and knowingly did commit robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), and
did thereby obstruct, delay, and affect commerce and the movement
of articles and commodities in commerce, as that term is defined
in Title 18, United States Code, Section 1951(b)(3), to wit,
MORRISON, the defendant, drove from the Bronx, New York, to
Queens, New York, where he robbed workers at a construction site
of the construction company payroll, in the vicinity of 93-06
101st Avenue, Queens, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIXTEEN

### ATTEMPTED ROBBERY

The Grand Jury further charges:

61.  On or about April 1, 2005, in the Southern
District of New York, DELROY LEE, a/k/a "Specs," a/k/a "DJ," and
SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendants,
and others known and unknown, unlawfully, willfully, and
knowingly did attempt to commit robbery, as that term is defined
in Title 18, United States Code, Section 1951(b)(1), and would
thereby have obstructed, delayed, and affected commerce and the
movement of articles and commodities in commerce, as that term is
defined in Title 18, United States Code, Section 1951(b)(3), to
wit, DELROY LEE and WAITE, the defendants, attempted to steal
marijuana from a suspected narcotics dealer on 225th Street in

the Bronx, New York, during which robbery the suspected narcotics dealer was shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SEVENTEEN

### ROBBERY

The Grand Jury further charges:

62. On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, DELROY LEE, and MORRISON, the defendants, entered an apartment in the vicinity of 1930 Edenwald Avenue in the Bronx, New York, restrained several victims at gunpoint, and then robbed narcotics proceeds from the apartment.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT EIGHTEEN

ATTEMPTED ROBBERY

The Grand Jury further charges:

63.  On or about June 9, 2005, in the Southern District
of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and
ROBERT MORRISON, a/k/a "Chips," the defendants, and others known
and unknown, unlawfully, willfully, and knowingly did attempt to
commit robbery, as that term is defined in Title 18, United
States Code, Section 1951(b)(1), and would thereby have
obstructed, delayed, and affected commerce and the movement of
articles and commodities in commerce, as that term is defined in
Title 18, United States Code, Section 1951(b)(3), to wit, WAITE
and MORRISON, the defendants, robbed an individual of bags that
they believed contained narcotics, but which in fact contained
clothing, and, during the course of that attempted robbery, at
least one co-conspirator not named herein fired a gun at the
victim, in the vicinity of 2930 Hone Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT NINETEEN

ATTEMPTED ROBBERY

The Grand Jury further charges:

64.  On or about March 21, 2006, in the Southern
District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the
defendant, and others known and unknown, unlawfully, willfully,

44

and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DAVIDSON, the defendant, attempted to steal kilograms of cocaine from a suspected narcotics dealer on DeKalb Avenue in the Bronx, New York, during which robbery DAVIDSON shot and killed the suspected narcotics dealer.

(Title 18, United States Code, Sections 1951 and 2.)

## FIREARMS OFFENSES

## COUNT TWENTY

The Grand Jury further charges:

65.   From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," AARON BIRCH, a/k/a "A," a/k/a "Ace," and JERMELL FALZONE, a/k/a "Mel," the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug

45

trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Seven of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit, SAUNDERS, CARMEN MOORE, BOBBY MOORE, JR., TYRONE MOORE, HISAN LEE, HIBAH LEE, DAVIDSON, WAITE, DELROY LEE, EDWARDS, JONES, BIRCH, and FALZONE used, carried, and possessed semi-automatic pistols and other firearms in the vicinity of DeKalb Avenue, Bronx, New York, during and in relation to a conspiracy to distribute "crack" cocaine, "powder" cocaine, and marijuana.

(Title 18, United States Code, Sections
924(c)(1)(A)(i) and 2.)

### COUNT TWENTY-ONE

The Grand Jury further charges:

66.  On or about August 23, 2000, in the Southern District of New York, HISAN LEE and DELROY LEE, the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Seven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18,

46

United States Code, Section 1111(a), to wit, HISAN LEE and DELROY LEE caused the death of Patrick Taylor, by discharging firearms at Patrick Taylor, and aiding and abetting the discharge of those firearms, in the vicinity of Bullard Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWENTY-TWO

The Grand Jury further charges:

67. On or about May 21, 2003, in the Southern District of New York, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," and ANDRE DAVIDSON, a/k/a "O Dog," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Ten of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-THREE

The Grand Jury further charges:

68. On or about July 25, 2003, in the Southern District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the defendants, unlawfully, willfully, and knowingly, during and in

47

relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery of Oneil Johnson in an apartment at 4136 Wilder Avenue in the Bronx, New York, charged in Count Eleven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, HISAN LEE, HIBAH LEE, and GAYLE caused the death of Oneil Johnson, by discharging a firearm at Oneil Johnson, and aiding and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWENTY-FOUR

The Grand Jury further charges:

69.  On or about July 25, 2003, in the Southern District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Eleven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm,

48

which was discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-FIVE

The Grand Jury further charges:

70.  On or about October 4, 2004, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," the defendant, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which he may be
prosecuted in a court of the United States, namely, the attempted
robbery charged in Count Twelve of this Indictment, did use and
carry a firearm, and, in furtherance of such crime, did possess a
firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii),
924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-SIX

The Grand Jury further charges:

71.  On or about January 31, 2005, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT
MORRISON, a/k/a "Chips," the defendants, unlawfully, willfully,
and knowingly, during and in relation to a crime of violence for
which they may be prosecuted in a court of the United States,
namely, the robbery charged in Count Thirteen of this Indictment,
did use and carry a firearm, and, in furtherance of such crime,

49

did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-SEVEN

The Grand Jury further charges:

72.    On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, which was discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-EIGHT

The Grand Jury further charges:

73.    On or about March 25, 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON, a/k/a "Chips," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Fifteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a

firearm, and did aid and abet the use, carrying, and possession
of a firearm, which was brandished.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-NINE

The Grand Jury further charges:

74.  On or about April 1, 2005, in the Southern
District of New York, DELROY LEE and SELBOURNE WAITE, the
defendants, unlawfully, willfully, and knowingly, during and in
relation to a crime of violence for which they may be prosecuted
in a court of the United States, namely, the attempted robbery of
Bunny Campbell in an apartment at 860 East 225th Street, Bronx,
New York, charged in Count Sixteen of this Indictment, did use
and carry a firearm, and, in furtherance of such crime, did
possess a firearm, and did aid and abet the use, carrying, and
possession of a firearm, and in the course of that crime did
cause the death of a person through the use of a firearm, which
killing is murder as defined in Title 18, United States Code,
Section 1111(a), to wit, DELROY LEE and WAITE caused the death of
Bunny Campbell, by discharging a firearm at Bunny Campbell, and
aiding and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

COUNT THIRTY

The Grand Jury further charges:

75.  On or about April 1, 2005, in the Southern
District of New York, DELROY LEE and SELBOURNE WAITE, the
defendants, unlawfully, willfully, and knowingly, during and in
relation to a crime of violence for which they may be prosecuted
in a court of the United States, namely, the attempted robbery of
Bunny Campbell in an apartment at 860 225th Street, Bronx, New
York, charged in Count Sixteen of this Indictment, did use and
carry a firearm, and, in furtherance of such crime, did possess a
firearm, and did aid and abet the use, carrying, and possession
of a firearm, which was discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

COUNT THIRTY-ONE

The Grand Jury further charges:

76.  On or about May 4, 2005, in the Southern District
of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling,"
DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a
"Chips," the defendants, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which they may
be prosecuted in a court of the United States, namely, the
robbery charged in Count Seventeen of this Indictment, did use
and carry a firearm, and, in furtherance of such crime, did

52

possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

### COUNT THIRTY-TWO

The Grand Jury further charges:

77. On or about June 9, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and ROBERT MORRISON, a/k/a "Chips," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Eighteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT THIRTY-THREE

The Grand Jury further charges:

78. On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery of

53

Marsie Sierra in an apartment at 2569 DeKalb Avenue, Bronx, New York, charged in Count Nineteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DAVIDSON caused the death of Marsie Sierra, by discharging a .357 caliber pistol at Marsie Sierra, and aiding and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

<u>COUNT THIRTY-FOUR</u>

The Grand Jury further charges:

79.  On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Nineteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged during the attempted robbery.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

COUNT THIRTY-FIVE

The Grand Jury further charges:

80.  On or about April 2, 2005, in the Southern
District of New York, DELROY LEE, a/k/a "Specs," a/k/a "DJ," the
defendant, after having been convicted of a crime punishable by
imprisonment for a term exceeding one year, to wit, (i) a
conviction on or about March 14, 2002, in New York State Supreme
Court, New York County, of criminal possession of a weapon in the
second degree, a Class C felony, and (ii) a conviction on or
about November 8, 2001 in New York State Supreme Court, Bronx
County, of attempted criminal possession of a controlled
substance in the third degree, a Class C felony, unlawfully,
willfully, and knowingly did possess in and affecting interstate
commerce, a firearm, to wit, a loaded 9 mm Ruger semiautomatic
handgun, which previously had been shipped and transported in
interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

SPECIAL FINDINGS AS TO HISAN LEE

81.  Counts Three, Four, Eight, Twenty, and Twenty-
Three of the Indictment are re-alleged and incorporated by
reference as though fully set forth herein.  As to Counts Three,
Eight, and Twenty of the Indictment, alleging the murder of
Patrick Taylor in connection with a crime of violence and drug
trafficking crime, and Counts Four and Twenty-Three of the

55

Indictment, alleging the murder of Oneil Johnson in connection
with a crime of violence, the defendant HISAN LEE:

        a.   was 18 years of age or older at the time of
the offenses;

        b.   intentionally killed Patrick Taylor and Oneil
Johnson (Title 18, United States Code, Section 3591(a)(2)(A));

        c.   intentionally inflicted serious bodily injury
that resulted in the deaths of Patrick Taylor and Oneil Johnson
(Title 18, United States Code, Section 3591(a)(2)(B));

        d.   intentionally participated in acts,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
Patrick Taylor and Oneil Johnson died as a direct result of the
acts (Title 18, United States Code, Section 3591(a)(2)(C));

        e.   intentionally and specifically engaged in acts
of violence, knowing that the acts created a grave risk of death
to a person, other than one of the participants in the offense,
such that participation in the acts constituted a reckless
disregard for human life and Patrick Taylor and Oneil Johnson
died as a direct result of the acts (Title 18, United States
Code, Section 3591(a)(2)(D));

        f.   had previously been convicted of a state
offense punishable by a term of imprisonment of more than one

year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

        g.   committed the offenses described in Counts Three, Four, Eight, Twenty, and Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

### SPECIAL FINDINGS AS TO DELROY LEE

        82.  Counts Three, Five, Eight, Twenty, and Twenty-Nine of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts Three, Eight, and Twenty of the Indictment, alleging the murder of Patrick Taylor in connection with a crime of violence and drug trafficking crime, and Counts Five and Twenty-Nine of the Indictment, alleging the murder of Bunny Campbell in connection with a crime of violence, the defendant DELROY LEE:

        a.   was 18 years of age or older at the time of the offense;

        b.   intentionally killed Patrick Taylor and Bunny Campbell (Title 18, United States Code, Section 3591(a)(2)(A));

        c.   intentionally inflicted serious bodily injury that resulted in the deaths of Patrick Taylor and Bunny Campbell (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Patrick Taylor and Bunny Campbell died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Patrick Taylor and Bunny Campbell died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

f.    had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

g.    committed the offenses described in Counts Three, Five, Eight, Twenty, and Twenty-Nine of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

58

## SPECIAL FINDINGS AS TO ANDRE DAVIDSON

83.    Counts Six and Thirty-Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.    As to Counts Six and Thirty-Three of the Indictment, alleging the murder of Marsie Sierra in connection with a crime of violence, the defendant ANDRE DAVIDSON:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally killed Marsie Sierra (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Marsie Sierra (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Marsie Sierra died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Marsie Sierra died as a

59

direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

g. committed the offenses described in Counts Six and Thirty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

## SPECIAL FINDINGS AS TO HIBAH LEE

84. Counts Four and Twenty-Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts Four and Twenty-Three of the Indictment, alleging the murder of Oneil Johnson in connection with a crime of violence, the defendant HIBAH LEE:

a. was 18 years of age or older at the time of the offense;

b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and

Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.    had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

e.    committed the offenses described in Counts Four and Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

### SPECIAL FINDINGS AS TO LEVAR GAYLE

85.    Count Twenty-Three of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Twenty-Three of the Indictment, alleging the murder of Oneil Johnson in connection with a crime of violence, the defendant LEVAR GAYLE:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

d.    committed the offenses described in Count Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO SELBOURNE WAITE</u>

86.    Counts Five and Twenty-Nine of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.  As to Counts Five and Twenty-Nine of the

Indictment, alleging the murder of Bunny Campbell in connection with a crime of violence, the defendant SELBOURNE WAITE:

      a.   was 18 years of age or older at the time of the offense;

      b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Bunny Campbell died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Bunny Campbell died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      d.   had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

      e.   committed the offenses described in Counts Five and Twenty-Nine of the Indictment in the expectation of the

receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

87.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts One and Two of this Indictment.

88.   BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants:

a.   have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

64

b.   have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

89.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a) (1), and (3), include but are not limited to:

a.   at least $5 million, which represents the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment and all interests and proceeds traceable thereto, including but not limited to, $14,755 in United States currency from TYRONE MOORE.

90.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third person;

(c)   has been placed beyond the jurisdiction of the Court;

65

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

91.    The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

<u>FORFEITURE ALLEGATION AS TO COUNT SEVEN</u>

92.    As a result of committing the controlled substance offense in Count Seven of this Indictment, BOBBY SAUNDERS, a/k/a "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a "Ras," DEMETRI YOUNG, a/k/a "Walter Malone," CHRISTOPHER DIAZ, a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON

66

BIRCH, a/k/a "A," a/k/a "Ace," KEVIN BECKFORD, a/k/a "Carl
Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants,
shall forfeit to the United States pursuant to 21 U.S.C. § 853,
any and all property constituting or derived from any proceeds
the said defendants obtained directly or indirectly as a result
of the violation and any and all property used or intended to be
used in any manner or part to commit and to facilitate the
commission of the violation alleged in Count Seven of this
Indictment, including but not limited to any and all proceeds
obtained as a result of the offense in violation of Title 21,
United States Code, Section 846.

<u>Substitute Assets Provision</u>

93.  If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendant:

> (a)  cannot be located upon the exercise of
> due diligence;
>
> (b)  has been transferred or sold to, or
> deposited with, a third party;
>
> (c)  has been placed beyond the jurisdiction
> of the court;
>
> (d)  has been substantially diminished in
> value; or
>
> (e)  has been commingled with other property

which cannot be divided without difficulty; it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

FORFEITURE ALLEGATION AS TO COUNTS NINE THROUGH NINETEEN

94. As a result of committing one or more of the Hobbs Act robbery offenses, in violation of Title 18, United States Code, Sections 1951 and 2, alleged in Counts Nine through Nineteen of this Indictment, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," LEVAR GAYLE, a/k/a "Train," and MARK HART, a/k/a "Movements," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts Nine through Nineteen of this Indictment, including but not limited to the amount of proceeds

obtained as a result of the offenses alleged in Counts Nine

through Nineteen of this Indictment.

Substitute Asset Provision

95.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third person;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §

982(b) and 21 U.S.C. § 853(p) to seek forfeiture of any other

property of said defendant up to the value of the above

forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### BOBBY SAUNDERS, et al.,

### Defendants.

### INDICTMENT

S4 07 Cr. 3 (BSJ)

(Title 18, United States Code,
Sections 1951, 922(g), 924(c), 924(j),
1959(a)(1), 1962(c), 1962(d); and
Title 21, United States Code,
Sections 846, 812, 841(a)(1),
841(b)(1)(A), 848(e)(1)(A))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Thomas P. Eagan*
Foreperson.

*Indictment filed.*

*J. Maas, USMJ*