# RUTH M. LIEBESMAN
Attorney-at-Law

| | |
|---|---|
| 445 Columbia Boulevard<br>Wood-Ridge, New Jersey 07075<br>201-617-7000<br>201-617-7710 (facsimile) | 110 Wall Street, 11th Floor<br>New York, NY 10005<br>212-804-5740<br>Admitted in NY, NJ & MA |

February 23, 2008

The Honorable Barbara S. Jones
United States District Judge
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Levar Gayle, et al.*
           Docket No. 07 Cr. 3 (BSJ)

Dear Judge Jones:

    This letter is to request the appointment of David A. Ruhnke, Esquire as Learned Counsel for Levar Gayle in the above-referenced matter. Mr. Ruhnke has agreed to this representation, and a copy of his curriculum vitae is attached to this letter.

    Please feel free to contact this office if you have any questions.

    Thank you.

                                 Very truly yours,

                                 /s/ *Ruth M. Liebesman*
                                 Ruth M. Liebesman, Esquire (RL 5383)

enclosure: CV of David A Ruhnke, Esquire
cc:    Elizabeth F. Maringer, Esquire
        Michael English, Esquire
        Assistant United States Attorneys
        via ECF

        Leonard Joy, Esquire
        Federal Public Defender
        52 Duane Street
        New York, New York 10007

        All Defense Counsel
        via ECF

RUHNKE & BARRETT

ATTORNEYS AT LAW

DAVID A. RUHNKE
 MEMBER N.J. AND NEW YORK BARS
 davidruhnke@ruhnkeandbarrett.com
JEAN DeSALES BARRETT
 MEMBER N.J., NEW YORK AND COLORADO BARS
 jeanbarrett@ruhnkeandbarrett.com

47 PARK STREET
MONTCLAIR, NEW JERSEY 07042

(973)744-1000
(973)746-1490 (FAX)

**Resume of Death Penalty Experience – David A. Ruhnke**
(Revised February 2008)

| | | |
|---|---|---|
| Education: | B.A., English Literature, Dartmouth College, 1965 | |
| | J.D. *cum laude*, Seton Hall University, 1975<br>Class rank -1/250 | |
| Work History: | 1965-1967: | Management trainee<br>Prudential Ins. Co. of America<br>Newark, New Jersey |
| | 1967-1969: | Peace Corps Volunteer<br>Republic of the Philippines |
| | 1969-1970: | Instructor of English<br>East-West Cultural Institute<br>Chiba City, Japan |
| | 1970-1972: | Free-lance journalist/photographer<br>Part-time construction worker |
| | 1972-1975: | Summer employment in law school: project to revise New Jersey child-abuse legislation (summer, 1973); law clerk Office of the Federal Public Defender for the District of New Jersey (summer, 1974) |
| | 1975-1976: | Law clerk to Hon. Lawrence A. Carton, Jr., Presiding Judge, Appellate Division New Jersey Superior Court |
| | 1976-1983: | Assistant Federal Public Defender for the District of New Jersey |
| | 1983-present: | Partner, Ruhnke & Barrett, Montclair, New Jersey |

|  |  |
|---|---|
| Fall 2006-present: | Resource Counsel, Federal Death Penalty Resource Counsel Project. On part-time contract basis with the Administrative Office of the United States Courts, Defender Services Division, to provide hands-on assistance, advice and training to attorneys handling federal capital cases. |
| Teaching: | Formerly adjunct faculty member, Seton Hall University Law School, teaching primarily Criminal Law and Criminal Procedure (inactive at present). |
| Bar Admissions: | State of New Jersey, 1975<br>State of New York, 1984<br>District of New Jersey, 1975<br>Eastern District of New York, 1983<br>Southern District of New York, 1983<br>First Circuit, 2004<br>Second Circuit, 1993<br>Third Circuit, 1977<br>Tenth Circuit, 1997<br>United States Supreme Court, 1983 |
| Memberships: | New Jersey Bar Association; National Association of Criminal Defense Lawyers (Member Death Penalty Committee); Association of Criminal Defense Lawyers of New Jersey (Past President and chair of death-penalty committee); New Jersey State Bar Association, Criminal Law Section (former trustee); former member, Death Penalty Subcommittee, Federal Defender Advisory Committee, Administrative Office of the United States Courts (Defender Services Division). |

FEDERAL DEATH-PENALTY CASES (trial level):[1]

CASES BROUGHT TO TRIAL:

- *United States v. Kenneth McGriff* (E.D.N.Y. 2005). Court-appointed by Hon. Edward R. Korman, Chief Judge, E.D.N.Y. Defendant alleged to be a major drug-dealer and to have killed two individuals, including rap artist "E Money Bags." Case is set in the context of the rap music industry and it is alleged that the defendant's drug profits were laundered through a major rap label, "Murder, Inc." Case

---

[1] The date shown is the year of entry into the case as retained or appointed counsel.

authorized for capital prosecution by Attorney General and came to trial in January 2007. Life verdict returned by jury after 2 ½ hours of deliberation.

- *United States v. Elijah Bobby Williams* (S.D.N.Y. 2000). Court-appointed by Hon. Naomi Reice Buchwald, U.S.D.J. Allegations of a triple homicide occurring in the context of large-scale drug trafficking and racketeering. Case authorized for capital punishment, over contrary recommendation of United States Attorney. Case went to trial in spring of 2005. At bi-furcated penalty phase, jury rejected sole statutory aggravating factor and case did not proceed to mitigation phase.

- *United States v. Gary Lee Sampson* (D.Mass. 2001). Court-appointed by Hon. Mark L. Wolf, U.S.D.J. Defendant guilty of committing three murders in Massachusetts and New Hampshire while on run from bank robbery prosecution. Case tried from September through December 23, 2003. Death verdict. Affirmed on direct appeal. Pending *certiorari* filing.

- *United States v. Michael O'Driscoll* (M.D.Pa. 2001). Court-appointed by Hon. Malcolm Muir, Senior Judge. Prisoner killed fellow prisoner at the United States Penitentiary, Allenwood. Defendant alleged to have a long and serious history of violence, including prior murder and violent escape attempt. Life verdict, March 2003.

- *United States v. Khalfan Khamis Mohamed* (S.D.N.Y.1999). Court-appointed by Hon. Leonard Sand, U.S.D.J. A terrorism case where defendant was charged with participation in the August 1998 bombings of the American Embassies in Kenya and Tanzania, allegedly at the behest of the lead defendant, Usama Bin Laden. Case began trial January 3, 2001. Defendant convicted of the murder of 11 people in the bombing of the embassy in Dar es Salaam. Life verdict July 2001. Defendant later withdrew appeal of underlying conviction.

- *United States v. Gurmeet Singh Dhinsa* (E.D.N.Y. 1998). Retained as co-counsel to Gerald Shargel, Esquire. Brought pursuant to Federal Death Penalty Act of 1994. Millionaire Sikh businessman charged with two murders-for-hire to silence witnesses to fraudulent scheme. Convicted after eight-week trial. Penalty phase ended in unanimous life verdict.

- *United States v. David Paul Hammer* (M.D. Pa. 1996). Court-appointed by Hon. Malcolm Muir, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Prison killing at U.S.P./Allenwood. Defendant charged with strangling cellmate. Death-penalty authorized and death verdict returned 7/98. Client withdrew appeal in order to speed his execution. *United States v. Hammer*, 226 F.3d 229 (3d Cir. 2000). Client changed mind again and execution date of 11/15/00 was vacated.

Petition for post-conviction relief was filed, which client then attempted to withdraw several times. A June 2004 execution date was also vacated by the Third Circuit. In December 2005, after extensive hearings, the district court vacated the sentence of death on the basis of a *Brady* violation.

- *United States v. Tyrone Walker* (N.D.N.Y. 1994). Court-appointed by Hon. Thomas J. McAvoy, Chief Judge. Drug "kingpin" case. Case went to trial from October 1995 to February 1996. Convicted. At penalty, jury found defendant responsible for two additional murders. Jury returned a life verdict.

- *United States v. Thomas Pitera* (E.D.N.Y. 1992). Court-appointed by the Hon. Reena Raggi, U.S.D.J. Drug "kingpin" case. First such prosecution in Eastern District of New York. Case alleged nine murders set in context of organized-crime RICO and CCE. Client was 38-year old alleged "made member" of Bonnano organized crime family. At conclusion of guilt-phase, jury convicted client of seven homicides. At death-penalty phase, divided jury returned life verdict.

CASES PENDING OR RESOLVED SHORT OF TRIAL:

- *United States v. Eduardo Riera-Crespo* (D.P.R. 2007). Court-appointed by Hon. Jose A. Fuste, Chief Judge. Car-jacking related murder by 19-year old client and two others. Court dismissed notice-of-intent to seek death on basis of inadequate opportunity to persuade DOJ not to seek death. US appealed. Case was argued before the First Circuit in November 2007. Pending decision.

- *United States v. Felix Alberto-Castro-Davis* (D.P.R. 2007). Court-appointed by Hon. Jose A. Fuste, Chief Judge. Kidnapping and car-jacking murder of 71-year old numbers operator ("bolitero"). Efforts to gain access to ATM and a home-invasion. Asphyxiated with duct tape. Attorney General did not authorize for capital prosecution.

- *United States v. Chaz Glynn* (S.D.N.Y. 2006). Court-appointed by Hon. Jedd S. Rakoff, U.S.D.J. Gang prosecution of the Bronx-based "Clay Street Bloods." Client alleged to have ordered single gang-related murder of fellow gang member. Pending review by the United States Attorney.

- *Zebroski v. Delaware* (D. Del. 2005). Court-appointed by Hon. Kent A. Jordan, U.S.D.J., as substitute counsel where conflict had arisen, to represent death-sentenced prisoner raising a federal challenge, 28 U.S.C. § 2254, to his conviction and sentence in the state courts of Delaware. Case held in abeyance pending systemic challenge to Delaware's execution protocols.

- *United States v. Dwayne Palmer* (S.D.N.Y. 2005). Court-appointed by Hon. Michael Mukasey, formerly Chief Judge, S.D.N.Y. Now assigned to Hon. Barbara S. Jones, U.S.D.J. Killing during high-speed car chase involving rival drug-dealers. Pending review by Attorney General. Have been advised case unlikely to be authorized.

- *United States v. Damion Hardy* (E.D.N.Y. 2005). Court-appointed by Hon. Raymond Dearie, U.S.D.J. Murders in the context of drug-dealing in Brooklyn. Case authorized for capital prosecution by Acting Attorney General. Authorized as to one murder only. US is seeking additional authorizations. Client found incompetent to stand trial by Bureau of Prisons in February 2008. Pending trial.

- *United States v. Harry Guzman* (D. Mass. 2005). Court-appointed by Hon. Joseph L. Tauro, U.S.D.J. Defendant suspected of series of arsons in Lawrence, MA, in 2003, one of which killed a mother and her infant daughter. Attorney General did not authorize for capital prosecution.

- *United States v. Khalid Barnes* (S.D.N.Y. 2005). Court-appointed by Hon. Stephen C. Robinson, U.S.D.J.. Double-homicide in suspected drug rip-off. Defendant alleged to be shooter and leader of major drug organization operating in Peekskill, New York. Case authorized by Attorney General for capital prosecution. Pending trial in February 2008.

- *United States v. Keith Nelson* (W.D.Mo. 2004). Appointed as post-conviction counsel. Client sentenced to death in fall, 2001, for murder-kidnap of 10-year old girl. Sentence of death affirmed on direct appeal. District court denied relief without a hearing. Pending motion for certificate of appealability in Eighth Circuit.

- *United States v. Vincent Pagan* (S.D.N.Y. 2004). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing. Case was not authorized for capital prosecution. Defendant was released on house-arrest conditions throughout process.

- *United States v. Mario Hernandez* (D.P.R. 2004). Court-appointed by Hon. Juan M. Perez-Gimenez. Carjacking murder of young woman victim whose body has never been recovered. Allegations are that victim was sexually assaulted and tortured prior to death. Attorney General did not authorize for capital prosecution. Charges ultimately dismissed because of concerns defendant was innocent.

- *United States v. Bing Yi Chen* (S.D.N.Y. 2003). Court-appointed by Hon. Deborah K. Batts, U.S.D.J. Double homicide in context of large-scale drug-dealing. Attorney General did not authorize for capital prosecution.

DAVID A. RUHNKE
Death Penalty Resume
Page 6

- *United States v. Christian DelRosario* (S.D.N.Y. 2003). Court-appointed by Hon. Gerard E. Lynch, U.S.D.J. Double homicide in context of large scale drug-dealing. Attorney General did not authorize for capital prosecution.

- *United States v. Albert Burgos* (S.D.N.Y. 2003). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing and gang activity. Attorney General did not authorize for capital prosecution.

- *United States v. Freddy Abad* (S.D.N.Y. 2002). Court-appointed by Hon. George P. Daniels. Indictment alleges single murder, accompanied by torture and home invasion, of reputed drug dealer in unsuccessful effort to steal drugs and money. Death penalty was not sought after it was demonstrated defendant was mentally retarded.

- *United States v. John Petrucelli* (S.D.N.Y. 2002). Court-appointed by Hon. Thomas P. Griesa. Defendant accused of single murder occurring in 1995 in an organized crime context. Attorney General did not authorize for capital prosecution.

- *United States v. Anthony Greco* (S.D.N.Y. 1999). Court-appointed by Hon. Lawrence McKenna. Case brought pursuant to Federal Death Penalty Act of 1994. Alleged single murder in organized crime context. Attorney General did not authorize for capital prosecution.

- *United States v. John Tibbs* (D.Mass. 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Attorney General did not authorize for capital prosecution.

- *United States v. Lee Arthur Taylor* (D.Mass 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Attorney General did not authorize for capital prosecution.

- *United States v. Joseph Calco* (E.D.N.Y. 1999). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Three murders set in organized crime/narcotics trafficking context. Defendant entered into cooperation agreement with the United States and death-penalty not sought.

- *United States v. Clarence Heatley* (S.D.N.Y. 1996). Court-appointed by Hon. Sonia Sotomayor, U.S.D.J. Drug "kingpin" case. Nineteen murders. Death penalty authorized for Heatley and co-defendant. Both capital defendants plead out to life sentences.

- *United States v. Moses Clary* (D.N.J. 1996). Court-appointed by Hon. Joseph

Rodriquez as co-counsel to Federal Public Defender. Brought pursuant to Federal Death Penalty Act of 1994. Bank-robbery shoot-out at suburban shopping mall. Two bystanders and one perp killed. Security guard wounded. (Guard killed one bystander; dead perp killed other. Clary was the survivor.) Death-penalty authorized. Plead to life sentence.

- *United States v. Fu Xin Chen* (E.D.N.Y. 1995). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Charged rape/torture/shooting death of Chinese immigrant held captive for ransom and/or repayment of fees owed to smugglers. Department of Justice authorized capital prosecution in summer of 1996. Plead guilty to life sentence.

- *United States v. Christopher Green* (D.N.J. 1995). Court-appointed by the Hon. Joseph H. Rodriguez, U.S.D.J., as co-counsel to Federal Public Defender. Case brought pursuant to Federal Death Penalty Act of 1994. On March 21, 1995, Christopher Green, a 29 year-old man with no criminal record, entered a small postal sub-station in Montclair, New Jersey and announced a robbery. After receiving approximately $5,000, he ordered the five people in the post office — two postal employees and three customers — to the ground and methodically shot each in the head with a 9mm pistol loaded with "Black Talon" bullets. Four of the individuals died instantly; the fifth survived made a full recovery. After several negotiating sessions, the United States Attorney dropped her request for the death penalty and, on June 8, 1995, Green entered a guilty plea to the indictment and was sentenced to a life sentence without parole on September 22, 1995.

- *Moore v. Reynolds* (W.D.Ok 1994). Court-appointed by Hon. Robin J. Cauthron, U.S.D.J., to represent death-sentenced Oklahoma inmate on federal habeas, 28 U.S.C. §§ 2254. Petition denied January, 1997. Decision affirmed by divided panel of Tenth Circuit. *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998). Supreme Court denied *certiorari*. Board of Pardon and Parole refused clemency. Client executed June 3, 1999.

- *United States v. Michael Murray* (M.D.Pa. 1993). Court-appointed by Hon. Sylvia H. Rambo, Chief Judge. Drug "kingpin" case. Young client (19) charged with drug-related shooting of 20 year-old drug-dealer. DOJ withdrew death authorization three days before jury-selection.

- *United States v. Dandeny Munoz-Mosquera* (E.D.N.Y. 1993). Court-appointed by the Hon. Sterling Johnson. Drug "kingpin" case. Defendant alleged "assassin" for the Medillin Cocaine Cartel; co-defendant was the late Pablo Escobar, alleged head of the cartel and then a fugitive in the Republic of Colombia. The capital count charged mid-air bombing of a domestic Colombia airliner (Avianca Airlines) in which

110 people — including two American citizens — were killed. The United States Attorney in Brooklyn eventually declined to seek Justice Department authorization and the case went to trial as non-capital prosecution.

- *United States v. Bilal Pretlow* (D.N.J. 1992). Court-appointed by the Hon. Harold A. Ackerman, U.S.D.J. Drug "kingpin" case. First such case in District of New Jersey. After several weeks of trial, 21-year old client committed suicide by hanging self in jail cell.

STATE DEATH-PENALTY CASES (trial level):

- *State v. Robert Morton* (New Jersey Superior Court 1999). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Post-conviction challenge to sentence of death. After full re-investigation and five-day evidentiary hearing, death sentence vacated, June 2005. State did not appeal. Life sentence imposed.

- *State v. James Minett* (New Jersey Superior Court 1996). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Murder-for-hire of defendant's girlfriend. Shooter cooperated and testified. Life verdict spring 1998. Conviction affirmed on appeal.

- *State v. William David Jones* (New Jersey Superior Court 1995). Designated counsel by Public Defender (with law partner, Jean D. Barrett). On July 19, 1995 defendant was arrested for knife-, bat- and pitchfork-slaying of acquaintance. Related charge of sexual assault. Case tried in fall of 1999 into early 2000. Jury convicted of capital murder after seven days of deliberations. Jury deliberated slightly over one hour after three-day penalty-phase presentation and did not find any aggravating factors. Guilt-phase verdict affirmed on appeal.

- *State v. Eddie Lee Oliver a/k/a Al Damany Kamau* (New Jersey Superior Court 1993). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Defendant charged with June 3, 1993 murder of a Newark Police Officer as he waited to testify in the hallway outside a courtroom on the 11th floor of the Essex County Courthouse in Newark, New Jersey. In the ensuing escape attempt, a sheriff's officer was shot in the chest. Defense was insanity. Jury convicted after five days of deliberations but, after two days of penalty deliberations, returned a non-unanimous verdict rejecting death penalty.

- *State v. Anthony McDougald* (New Jersey Superior Court 1990). Designated counsel by Public Defender (with law partner, Jean D. Barrett). This was a double-murder by stabbing of the parents of the 13-year old girlfriend of 27-year old defendant. After the murder, he inserted baseball bat into the vagina of the mother with the comment

that this was in retaliation for her having given birth to the 13-year-old. Aggravating factors were that the murders were outrageously and wantonly vile and that they were committed to avoid prosecution for another offense. (The statutory rape of the 13-year-old.) This case was a penalty-only re-trial after the New Jersey Supreme Court affirmed the murder convictions but vacated the death verdict. See *State v. McDougald*, 120 N.J. 523, 577 A.2d 419 (1990). On November 18, 1995, following six weeks of jury selection and a two-week trial, the jury returned a verdict for life.

- *State v. Bryan Coyle* (New Jersey Superior Court, 1991). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). This was a shooting death of the husband of a woman with whom defendant was romantically involved. Aggravating factors were that defendant has a prior murder conviction and that the killing was outrageous and wantonly vile in that it was a killing committed purely for the pleasure of killing. First jury convicted and imposed death sentence. This was a re-trial following the New Jersey Supreme Court's reversal of both the guilt- and penalty- phase verdicts. See *State v. Coyle*, 119 N.J. 194, 574 A.2d 951 (1990). After plea negotiations, prosecution withdrew aggravating factors and defendant plead guilty to murder and was sentenced to 30 years.

- *State v. Julius Boeglin* (New Jersey Superior Court 1990). Retained as counsel to handle pre-trial motions and jury-selection only (with law partner, Jean D. Barrett). Aggravating factors were murder-by-hire and avoiding detection for another offense. Allegations were defendant — the son of a millionaire industrialist — paid another to kill victim for informing on defendant's drug activities. Case went to trial with substituted counsel and jury returned verdict of non-capital murder.

- *State v. James Jerald Koedatich* (New Jersey Superior Court, 1990). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved the kidnaping, sexual assault and stabbing murder of an 18-year old adopted Korean girl. Aggravating factors were the defendant's two prior murder convictions; that murder was committed in a manner that was outrageous and wantonly vile; that murder was committed for the purpose of escaping detection for the other felonies; and that murder was committed in the course of certain other felonies. This was a penalty-phase only re-trial. Because of the massive publicity, venue was moved out of the county where the crime occurred to a rural adjacent county. Trial took place in the summer of 1990. Jury selection took approximately five weeks. There was one week of penalty-phase evidence. Jury was unable to agree unanimously on whether the death penalty should be imposed and, therefore, as required by New Jersey law, defendant was sentenced to life imprisonment.

- *State v. Eneida Berrios* (New Jersey Superior Court, 1983). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved

the arson-murder of a six-year old child motivated by an argument between two families in the City of Newark. Building was set on fire in the middle of the night. Child was trapped. Aggravating factors were that defendant hired the arsonist and that the murder was outrageously and wantonly vile. Case tried in 1986. Defendant found not guilty at conclusion of guilt phase.

## APPELLATE DEATH-PENALTY EXPERIENCE

- *State of Delaware v. Thomas Capano*, 781 A.2d 556 (Del.Supreme Ct. 2001). Retained as appellate co-counsel to politically prominent attorney found guilty of murdering his girlfriend (appointments secretary to the Governor of Delaware) and disposing of her body at sea. Sentenced to death. Conviction and sentence of death affirmed by Delaware Supreme Court. *Certiorari* petition pending in United States Supreme Court raising *Apprendi* challenge to Delaware capital punishment scheme. Outcome of case will be controlled by analysis of the United States Supreme Court's decision in *Ring v. Arizona*. In state post-conviction at the trial level, relief granted on *Ring* error.

- *State v. John Martini, Sr.,* 144 N.J. 603, 678 A.2d 164 (1996). Martini was New Jersey's first potential "volunteer" for execution. Served as counsel to *amicus curiae*, the Association of Criminal Defense Lawyers of New Jersey, taking the position that an otherwise competent defendant may not waive a state court post-conviction challenge to a death sentence where the attorneys handling the case are of the view that there are meritorious issues to be presented. Court accepted that argument. Societal interest in reliability of death sentences outweighs individual defendant's wish to forgo post-conviction review. *State v. Martini*, 144 N.J. 603, 678 A.2d 164 (1996).

- *State v. Marshall*, 130 N.J. 109, 613 A.2d 1059 (1992). *Marshall* was the first death sentence affirmed by the New Jersey Supreme Court. See, 123 N.J. 1, 586 A.2d 85 (1991). (Defendant was convicted of hiring others to murder his wife for insurance proceeds and was subject of book and made-for-TV movie entitled "Blind Faith.") In this aspect of *Marshall*, served as counsel to *amicus curiae*, the American Civil Liberties Union of New Jersey, concerning the methodology to be employed by the New Jersey Supreme Court in carrying out statutorily-mandated proportionality review.

- *State v. Koedatich*, 112 N.J. 225, 548 A.2d 939 (1988). Defendant originally tried and sentenced to death in 1984. Firm became involved in the case on direct appeal to the New Jersey Supreme Court. Above-cited opinion affirmed defendant's underlying convictions by 4-3 vote but unanimously vacated the death penalty. See also, *State v. Koedatich*, 118 N.J. 513, 572 A.2d 622 (1990). State appealed trial

court's decision to grant motion striking two of four aggravating factors on ground that previous penalty-phase jury had not been able to reach a unanimous finding that those aggravating factors existed. The New Jersey Supreme Court, in another 4-3 opinion, reversed the trial court and re-instated the dismissed aggravating factors which were then presented to the jury when the penalty-phase was re-tried in the summer of 1990. Jury returned life verdict.

## OTHER RELEVANT EXPERIENCE

- Qualified and testified as expert witness in area of effective assistance of counsel in handling guilt- and penalty-phases of capital-murder cases: *State v. Daniel Webb* (Connecticut Superior Court); *State v. Jermaine Wright* (Delaware Superior Court 1994); *Hooks v. Ward*, (U.S. Dist. Ct., W.D.Ok. 1997); *State v. Jackson*, (Delaware Superior Court 1998); *Mollett v. Ward* (U.S. Dist. Ct. W.D.Ok. 2000); *State v. Donald Loftin* (N.J. Superior Court 2004).

- November 2007. Faculty member and presenter at capital defense seminar sponsored by the Virginia Bar Association. "Mental Health and Mitigation." "You Can Do that in Virginia."

- October 2007. Faculty member and presenter at capital defense seminar sponsored by the Oregon Criminal Defense Lawyers Association. "Assembling the Defense Team. "Working With Experts."

- August 2007. Faculty member, presenter, and small group leader at annual Death Penalty College sponsored by Santa Clara University School of Law. Numerous topics and presentations.

- July 2007. Faculty member and presenter at national regional training program, Case Western University Law School. "ABA Standards." "Defining Mitigation."

- June 2007. Federal Death Penalty Resource Counsel regional training, New York City.

- February 2007. Faculty member and presenter at annual California Attorneys for Criminal Justice capital defense seminar. "Discovery Issues in Federal Death Penalty Cases." "Negotiating a Life Plea."

- May 2006. Faculty member, presenter and small group leader at the Capital Training Program of the Center for American and International Law in Plano, Texas.

- November 2005. Faculty member and presenter at annual federal death penalty

    strategy session, Pittsburgh, Pennsylvania.

- July 2005.  Faculty Member, Death Penalty College, Santa Clara University School of Law, July 2005.

- July 2005.  Presentation, the Airlie Conference, NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "The Ethics of Representing 'Volunteers.'"

- Faculty member and presenter, Federal Strategy Session, Salt Lake City, Utah, November 2004:  "The DOJ Authorization Process; What to Disclose and When?"; "The Case for Life – Keeping the Client On Board"

- April, 2004.  Faculty Member, Capital Trial Advocacy Program, Plano, Texas.  Small group leader and plenary presentations on mitigating evidence and future danger.

- March 2004.  Faculty member and presenter Life in the Balance program, Memphis, Tennessee.  Presented small group and plenary sessions on mitigation, closing instructions and penalty-phase summation.

- February 2004.  Presentation at the mid-winter meeting of the Association of Criminal Defense Lawyers at San Antonio,. Texas, "Putting a Human Face on the Despised."

- July 2003.  Presentation, the Airlie Conference, 2003 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "What we are Learning About Mitigation: Findings from the LifeVote Project."

- March 2003.  Faculty member at Federal Strategy Session and Life in the Balance programs, Austin, Texas.

- February 2003.  Faculty Member, Virginia Death Penalty College, Richmond, Virginia.

- October 2002.  Presentation to First Circuit Judicial Conference, Chatham, MA. "The Ability of the Federal Courts to Handle Cases of International Terrorism."

- August 2002.  Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA

- April 23, 2002, Presentation, Internal Law Society, Suffolk University Law School, Boston, "International Law Issues Arising from the Embassy Bombing Case."

DAVID A. RUHNKE
Death Penalty Resume
Page 13

- National Seminar for Federal Defenders, Philadelphia, March 13-15, 2002. Presentation, "Mitigating Evidence in Death Penalty Cases."

- 2002 Federal Capital Defense Strategy Session, Kansas City, MO, March 8, 9, 2002. Presentations: Discussion Leader, Caucus of First, Second and Third Circuits; "Political and Terrorist Prosecutions," (with Jerry Zerkin and David Bruck); "Mitigation: Federal Jury Findings" (with Margaret O'Donnell and William Brennan); "Ethical Considerations in Federal Capital Cases" (with Carol Kolinchak and David Lewis); "Litigating Racial, Ethnic and Geographic Diversity" (with Sam Gross and Tim Sullivan); "Mitigation that Opens the Door" (with Jerry Zerkin, David Bruck and Mark Cunningham).

- Faculty Member, South Carolina Bar Association's 17th Annual Update on the Criminal Law, Charleston, South Carolina January 2002, Panel, "The Criminal Law in the Aftermath of September 11."

- Faculty Member, Capital Trial Advocacy Program, Austin Texas, January 2002. Small group leader and plenary presentation, "Thinking About, Discovering and Presenting Mitigating Evidence"

- Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA, August 2001.

- Daylong seminar, "Saving Lives in a New Millennium," co-sponsored by the Association of Criminal Defense Lawyers of New Jersey and the ABA Death Penalty Representation Project, moderator and speaker, "Capital Cases – Answering the Hardest Question," East Brunswick, N.J., March 17, 2001

- Presentation, Federal Death Penalty Strategy Session, "Volunteers – Dealing With the Client Who has Lost the Will to Fight," Albuquerque, NM, March 3, 2001

- August 2000. Presentation, the Airlie Conference, 2000 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "Jury-Selection in Capital Cases."

- Faculty Member, Clarence Darrow Darrow Death Penalty College, University of Michigan Law School, Ann Arbor, MI, May 2000

- Presentation, Federal Death Penalty Strategy Session, "The Department of Justice and the Authorization Process," Crystal City, MD, March, 2000.

- Faculty member, National Death Penalty College, Santa Clara University Law School,

Santa Clara, CA, August 1999.

- Presentation to Federal Defense Investigators Conference, New Orleans, LA, May 1999, "Investigating Mitigating Evidence."

- Life in the Balance, Atlanta, GA, May 1999 (National Legal Aid and Defenders Association), faculty member. Presentation at special federal death-penalty seminar and in general sessions on "What to do When a Client Volunteers for Execution?" and "Opening Address to the Jury at a Penalty Phase."

- American Academy of Forensic Psychology, Philadelphia, PA, April 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- American Academy of Forensic Psychology, Palm Springs, CA, January 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- American Academy of Forensic Psychology, New Orleans, LA, January 1997, co-presenter, with Alan Goldstein, Ph.D. and Jean D. Barrett, Esquire, of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- Life in the Balance, Dallas, TX, March 1997 (National Legal Aid and Defender Association), faculty member. Presentations on "Cross-examining the Government's Expert;" "Working with Expert Witnesses;" "Brainstorming the Case;" and "Direct Examination of Penalty-Phase Witnesses."

- Presentation, seminar sponsored by Federal Judicial Center, "Appellate Capital Case Issues: the Attorney's Perspective," Miami, FL, August 5, 1996.

- Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, Rochester, NY, March 1996.

- Presentation, the Airlie Conference, 1996 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, "Hard Lessons Learned from Federal Death Penalty Cases," July 26, 1996 at Georgetown University, Washington, D.C.

- Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, White Plains, NY, October, 1995.

- Presentation, "Counsel in Federal Death Penalty Cases," 1995 meeting of Federal Defenders and Resource Center Directors, Marco Island, FL, January 1995.

DAVID A. RUHNKE
Death Penalty Resume
Page 15

- Presentation, "Why Death is Different," New York Association of Criminal Defense Lawyers, N.Y.U. Law School, New York, NY, February 1995.

- Presentation, "Opening Arguments in a Death Penalty Case," Life in the Balance (National Legal Aid and Defender Association), Austin, TX, March 1994.

- Presentation, "The Federal Death Penalty," July 1994 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

- Presentation, "Litigating the Federal Death Penalty Case," Ohio Association of Criminal Defense Lawyers, Columbus, OH, December 2, 1994.

- Presentation, "Opening and Closing in Theme," 1993 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

- Keynote speaker and panel member, "Saving Client's Lives in the 90's." Day-long seminar presented by the Association of Criminal Defense Attorneys of New Jersey.