UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -against-

LEVAR GAYLE,

        Defendant.

07-CR-0003 (LAP)
17-CV-8942 (LAP)

ORDER

---

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Levar Gayle's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255.  (Dkt. nos. 691, 815.)  For the reasons set forth below, Mr. Gayle's motion is DENIED.

I.    BACKGROUND

    In 2010, Mr. Gayle was convicted on robbery and murder charges following a six-week jury trial.  Briefly to summarize the evidence presented at trial, in July 2003, two men named Mark Gabriel and Hisan Lee devised a plan to rob a drug dealer named Oneil Johnson and invited Mr. Gayle to help them out.  (Trial Tr. at 1952-53, 2310-15, 2670-71, 2732, 2789-90.)  The robbery did not go as planned and ended with Mr. Lee's fatally shooting Mr. Johnson in the chest before the defendants, including Mr. Gayle, fled the scene.  (Id. at 1749-52, 1952,

2194-201, 2313-23, 2671-72, 2732-33, 2790-98, 2800-02, 3577, 3682; GX 400-410, 433.)

The evidence offered at trial connected Mr. Gayle to the Mr. Johnson's robbery and murder in several ways, including Mr. Gayle's own written and oral admissions about his involvement and the testimony of cooperating witnesses. (Trial Tr. at 2312-24, 2665-2673, 2724-33, 2795-96.)  Of relevance to the instant § 2255 motion, one of the cooperating witnesses, Shinikwah Burke, testified that on the day of the robbery and murder, she met with several people, including a "dark-skinned, heavyset, five ten, five eleven" male who she met once before, and that the group discussed the best way to rob Mr. Johnson. (Id. at 2795-96.)  On cross-examination, Mr. Gayle's defense counsel asked whether Ms. Burke recognized anyone at the courthouse on the day of her arrest, and she responded, "No." (Id. at 2916)

Following Ms. Burke's testimony, a Government case agent, Michael Zeppieri, recalled that after Mr. Gayle was arrested, he briefly encountered Ms. Burke as the two were being processed in pretrial detention and asked Agent Zeppieri, "what is Shinikwah doing here?" (Id. at 3994.)  Mr. Gayle's defense attorney moved to preclude Agent Zeppieri from testifying about Mr. Gayle's "Shinikwah" statement on grounds that the Government had not disclosed the statement before trial. (Id. at 3993-96.)  The Court offered Mr. Gayle's attorney an opportunity for a

2

suppression hearing on Agent Zeppieri's testimony, but Mr. Gayle's attorney declined, electing instead to cross-examine Agent Zeppieri about Mr. Gayle's post-arrest statement. (Id. at 3993-96, 4138-39.) On direct examination, Agent Zeppieri testified about the "Shinikwah" statement, and, during cross-examination, he stated that he did not record the statement in the report he prepared summarizing Mr. Gayle's arrest and did not inform the grand jury about it, though he did raise it to a Government prosecutor on the day Mr. Gayle was arrested. (Id. at 4214-15, 4486-88.)

During its closing statement, the Government argued that Mr. Gayle had been an active participant in the planning of the Oneil Johnson robbery. The Government pointed out that Ms. Burke had testified that "a guy who is five ten, five 11, and heavyset [was] involved in the planning sessions for the robbery" and asserted that the jury could infer that Mr. Gayle knew Ms. Burke because he had identified her on the day of his arrest, which was "additional proof that Levar Gayle was part of the planning of that robbery." (Id. at 4710-11.) In turn, Mr. Gayle's counsel contended in her closing that Agent Zeppieri had manufactured Mr. Gayle's statement recognizing Shinikwah Burke. (Id. at 4838-39.) She argued that the statement "was made up when the government's case they had against Levar Gayle turned out not to be as strong as they'd like it to be" and pointed

out, among other things, that Agent Zeppieri had not disclosed the statement in his arrest report or to the grand jury.  (Id.)

In April 2010, the jury convicted Mr. Gayle on all counts, including conspiracy to commit Hobbs Act robbery, robbery, a related weapons charge, and the murder of Oneil Johnson.  The Court sentenced him principally to 20 years' imprisonment and five years of supervised release.  (Dkt. no. 506.)  Mr. Gayle filed an appeal, and the Court of Appeals affirmed the judgment against him in 2016.  (Dkt. nos. 509, 637.).

In November 2017, Mr. Gayle filed the § 2255 motion now before the Court, which he later supplemented with an additional claim in September 2019.  (Dkt. nos. 691, 815.)  The Government has opposed Mr. Gayle's motion.  (Dkt. nos. 712, 823.)

**II.  ANALYSIS**

Mr. Gayle's motion raises three main arguments.  He first claims that the Government violated his due process rights by not timely disclosing his statement about Ms. Burke.  (Dkt. no. 691 at 5.)[1]  Next, he argues that he did not receive effective assistance of counsel because his lawyer failed to move for a

---

[1] The Government seems to construe this argument as raising a claim for ineffective assistance under the Sixth Amendment. (See dkt. no. 712 at 17.)  The Court, however, interprets the argument as asserting a due process violation and understands Mr. Gayle's reference to "ineffective assistance of counsel" as his explanation of why the argument was not raised on direct appeal -- i.e., his lawyer should have brought it up on appeal but failed to do so.  (See dkt. no. 691 at 5.)

4

mistrial based on the Government's untimely disclosure.  (Id. at 6.)  Finally, he argues that in light of the Supreme Court's decision in United States v. Davis, 137 S. Ct. 2319 (2019), Hobbs Act robbery does not qualify as a crime of violence and his conviction under 18 U.S.C. § 924(c) therefore cannot stand.  (Dkt. no. 815.)  All three of his arguments fail.

First, Mr. Gayle's claim that the Government's untimely disclosure of the "Shinikwah" statement deprived him of due process is procedurally barred.  "It is clear that '[s]ection 2255 may not be employed to relitigate questions that were raised and considered on appeal.'"  Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995) (citation omitted).  That, however, is precisely what Mr. Gayle is trying to do here.  When he appealed his conviction, Mr. Gayle contended that admitting the "Shinikwah" statement into evidence violated due process because the Government did not disclose it before trial, and the Court of Appeals rejected that argument.  United States v. Lee, 834 F.3d 145, 158-61 (2d Cir. 2016).  Although Mr. Gayle describes the argument now advanced in his § 2255 motion as a "variant" of his appellate argument (dkt. no. 691 at 5), the Court finds them functionally indistinguishable and must deny Mr. Gayle's attempt to try the same theory a second time.  See Riascos-Prado, 66 F.3d at 34 (affirming the denial of a § 2255

argument that was "simply a slightly altered rearticulation of a claim that was rejected on [petitioner's] direct appeal").[2]

Mr. Gayle's claim that he did not receive effective assistance of counsel because his lawyer failed to move for a mistrial is similarly meritless. First, because this argument is founded on the same theory Mr. Gayle already unsuccessfully litigated in the Court of Appeals -- i.e., that the admission of the "Shinikwah" statement substantially prejudiced Mr. Gayle and deprived him of a fair trial -- it, too, is procedurally barred. See, e.g., United States v. Pitcher, 559 F.3d 120, 124 (2d Cir. 2009) (rejecting petitioner's § 2255 ineffective assistance claim because it was "premised on the same facts and rest[s] on the same legal ground" as an argument made on appeal). Second, even if not procedurally barred, the ineffective assistance claim fails nonetheless because Mr. Gayle has not satisfied the Strickland test, which requires, among other things, showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 123 (citing Strickland. v. Washington, 466 U.S. 668, 694 (1984)). At trial, Mr. Gayle's

---

[2]  Mr. Gayle's due process claim fails for the independent reason that he has not shown any prejudice resulting from the late disclosure of the "Shinikwah" statement. Although Mr. Gayle avers that if the Government had disclosed the statement earlier, he would have accepted an Alford plea, there is nothing in the record indicating that an Alford plea, which is against DOJ policy, was ever on the table.

lawyer thoroughly litigated the admissibility of the "Shinikwah" statement, including by moving to preclude it and strike it from the record, and then cross-examined Agent Zeppieri on the statement.  His lawyer's choice to follow that course and not move for a mistrial, which she reasonably could have concluded was unwarranted or destined to fail, "falls squarely within the ambit of trial strategy" that "cannot support an ineffective assistance claim."  United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992) (citation and internal quotation marks omitted).  Mr. Gayle's ineffective assistance claim therefore fails.

Finally, the Supreme Court's decision in United States Davis, 137 S.Ct. 2319 (2019), does not entitle Mr. Gayle to relief from his conviction under 18 U.S.C. § 924(c).  Although Davis invalidated the "residual clause" of the definition for a crime of violence under 18 U.S.C. § 924(c), the crime of violence underlying Mr. Gayle's conviction was a Hobbs Act robbery, which, as the Court of Appeals held in United States v. Hill, 890 F.3d 51 (2018), qualifies as a "crime of violence" under 18 U.S.C. § 924(c)'s "force clause," which remains valid post-Davis.  The invalidity of 18 U.S.C. § 924(c)'s "residual clause" therefore has no bearing on Mr. Gayle's conviction.

### III. CONCLUSION

For the foregoing reasons, Mr. Gayle's motion to vacate, set aside, or correct his conviction and sentence under 28

U.S.C. § 2255 (dkt. nos. 691, 815) is <u>DENIED</u>.  Because Mr. Gayle has not made a substantial showing of a denial of a federal right, no certificate of appealability will issue.  The Clerk of the Court shall mail a copy of this order to Mr. Gayle.

<u>SO ORDERED.</u>

Dated:  September 28, 2020
        New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA, U.S.D.J.